OPINION
{¶ 1} Defendant, Terri McCall, appeals from a judgment rendered against her and in favor of Plaintiff, Bank One, N.A., in the amount of $30, 971.23, plus interest and attorneys fees, for monies due and owing on a promissory note.
 {¶ 2} The promissory note secured a loan made by Bank One to Countryside Café and Donuts, Inc. Terri McCall, who was treasurer of the corporation, signed the note in her corporate capacity, as did Michael McCall, its president. Each also signed separate personal guarantees. Like the promissory note, each guarantee contained a confession of judgment authorization. Terri McCall signed her guarantee as "Terri McCall, Secretary/Treasurer."
 {¶ 3} When the corporation defaulted on its loan, Bank One, represented by Attorney Allen J. Reis, of Columbus, commenced an action on February 24, 2003, against the corporation and against the McCalls individually, as guarantors. On the same date, Attorney Anthony J. Cimperman, also of Columbus, filed an answer and confession of judgment on behalf of the corporation and both Michael and Terri McCall in favor of Bank One. The court then entered judgments against all three. Terri McCall filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 4} "The trial court's finding that Terri McCall is personally liable on the cognovit note is contrary to law."
 {¶ 5} Terri McCall argues that, because she signed the personal guarantee in her corporate capacity, as "Terri McCall, Secretary/Treasurer," the trial court erred when it entered judgment against her, personally.
 {¶ 6} Bank One's claims for relief against Terri McCall was founded on the personal guarantee she signed, and it sought judgment against her as a guarantor of the corporation's obligation to Bank One. A confession of judgment, proper in form, was entered on behalf of Terri McCall on Bank One's claim for relief. R.C. 2323.12 provides that when a confession of judgment is entered, "judgment shall be entered accordingly." The court, therefore, could do nothing other than enter the judgments sought by Bank One on its claim for relief.
 {¶ 7} Terri McCall does not attack the validity and sufficiency of the confession of judgment entered on her behalf, and we can find none. Because the court was mandated by R.C. 2323.12 to enter the judgment against Terri McCall which Bank One sought, the particular error she assigns on appeal, which challenges the merit of Bank One's claim for relief on which the court entered its judgment, is necessarily waived.
 {¶ 8} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J., concur.